Judge Mills
delivered the Opinion of the Court.
The appellees brought their action and recovered their judgment, having issued the original process to the coroner. The execution issued to the sheriff, and a replevin bondwas taken, which the appellants moved to quash, together with the original execution, because it was not directed to the *77 coroner also, and the court overruled the motion and this appeal was payed.
It did not follow by the common law, that because the mesne process was directed to the coroner, in consequence of the sheriff’s interest, the execution on the judgment had to be directed to him likewise.
It is enacted, that where the mesne process is executed by the coroner, the execution shall be directed to and executed by the coroner.
Triplett for appellants; Crittenden for appellees.
The original process might have been issued to the coroner, because the then sheriff or deputy was interested, and the reason for sending the process to the coroner might have ceased when the execution emanated, because the office of sheriff had passed into other hands. We would therefore Ífladlv get over this objection, and could do so if eft to the common law on this subject.
But an act of Assembly passed in 1820,2 Dig. L. K. 344, has provided that “all executions issued upon a judgment rendered upon process served by the coroner, shall be directed to, and executed by him.”
Although we cannot see the reason of this statute, it is enough for us that it exists, and that the Legislature have the power to pass it. It is explicit, and admits of no evasion, and is conclusive of this question, The court below seems to have overruled the motion because notice was not given. In a case where the party relied exclusively on errors apparent on the record, according to repeated decisions, no notice was necessary.
The judgment must be reversed with costs, and the cause be remanded with directions to quash the original execution, bond and subsequent proceedings with, costs.